**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANTHONY "TONY" AGEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:12-CV-550 |
| | § | |
| CITY OF MCKINNEY, et al., | § | JUDGE RON CLARK |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

On October 29, 2013, the United States Magistrate Judge issued a report and recommendation [Doc. #71] recommending Defendants' motion for summary judgment [Doc. #30] be granted in part and denied in part, this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended dismissal of all of Plaintiff's claims except Plaintiff's First Amended Freedom of Association claim. On December 9, 2013, the United States Magistrate Judge issued an amended report and recommendation [Doc. #80], which made no substantive changes to the original report and recommendation, and changed only the language related to the filing of objections at the end of the Magistrate Judge's report. These reports and recommendations were *sua sponte* withdrawn by the Magistrate Judge on January 28, 2014 [Doc. #83]. Also on January 28, 2014, the United States Magistrate Judge issued his third report and recommendation [Doc. #84], which recommended granting Defendants' motion [Doc. #30] in its entirety and dismissing all of Plaintiff's claims.

Plaintiff filed his objections to the report and recommendation on February 8, 2014 [Doc. #86]. Plaintiff objects to the failure of the Magistrate Judge to grant his Federal Rule of Civil Procedure 56(d) motion for continuance. Plaintiff also objects to the failure of the Magistrate Judge to grant his motion for leave to file his response out of time. These two issues are non-dispositive issues, and the court reviews them under a clearly erroneous or contrary to law standard. *See* Fed. R. Civ. P. 72(a).

First, Plaintiff objects to the Magistrate Judge's decision to deny Plaintiff's Rule 56(d) Motion for Continuance [Doc. #64]. The Magistrate Judge found that Plaintiff's motion did not comply with the requirements of Federal Rule of Civil Procedure 56(d). Plaintiff argues that his motion met the requirements.

"Under Federal Rule of Civil Procedure 56(d), '[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.'" *Castro v. Texas Dep't of Criminal Justice*, No. 12-20584, 2013 WL 5229972, at *2 (5th Cir. 2013). "A motion for continuance under Rule 56(d) is 'broadly favored and should be liberally granted.'" *Id.* (citing *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)). When "the party opposing the summary judgment informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful, 'a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.'" *Id.* (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)). The moving party "must demonstrate how the requested discovery pertains to the summary judgment motion and must have diligently pursued the relevant discovery." *Id.* (citation omitted).

The Magistrate Judge found that Plaintiff's motion did not comply with Rule 56(d), because Plaintiff does not demonstrate any diligence in his efforts to obtain the discovery that he asserts he needs. Plaintiff's response to Defendants' summary judgment motion was due July 29, 2013, and the discovery deadline expired on September 23, 2013. Plaintiff's motion asserts that he contacted police officers with the City of McKinney, who advised him that they would provide signed affidavits regarding statements that were made to them discouraging them from joining Lodge #107. Plaintiff asserts that these officers now refuse to make any statements unless subpoenaed. However, Plaintiff does not set forth what diligence he has gone through to obtain such discovery. Plaintiff does not provide the court with any information regarding when these individuals were contacted, when they initially agreed to participate, and when they determined that they would not sign an affidavit. Plaintiff does not give the court a log of conversations or communications that he had with these individuals. Plaintiff fails to give the court a statement justifying why this discovery had not been, or could not have been obtained earlier, at least prior to the close of discovery. For these reasons, the court agrees that Plaintiff is not entitled to a continuance under Rule 56(d). The Magistrate Judge's decision to deny Plaintiff's motion for a Rule 56(d) continuance was not clearly erroneous or contrary to law. However, even if the court conducted a *de novo* review, the result is the same, and Plaintiff's objection is overruled.

Next, Plaintiff objects to the Magistrate Judge's denial of Plaintiff's Motion for Leave to File his Response in Opposition to Defendants' Motion for Summary Judgment Out of Time [Doc. #68]. Plaintiff asserts that Federal Rule of Civil Procedure 6(b) allows the Court to extend deadlines, such as the response deadline to a motion for summary judgment, for good cause when the party failed to act because of excusable neglect. Plaintiff contends that he has a serious

medical condition, and was unable to comply with the response deadline due to his heath and the instructions of his physician. Plaintiff argues that this constitutes both good cause and excusable neglect.

As set forth in the report and recommendation, this case had an original dispositive motion deadline of May 13, 2013 [Doc. #23]. Plaintiff requested, and the Court granted, a subsequent extension of some of those deadlines [Docs. #27, #36]. The dispositive motion deadline was extended to July 12, 2013 [Doc. #27]. Defendants filed their motion for summary judgment on July 12, 2013 [Doc. #30]. On the same date, Defendants requested leave to file audio/video exhibits with the court [Doc. #31]. On July 18, 2013, Defendants requested leave to supplement their motion for summary judgment with one additional exhibit [Doc. 35]. The Magistrate Judge granted these requests [Doc. #37, #39].

Under the Eastern District of Texas Local Rules, the deadline for Plaintiff's response would have been July 29, 2013. No response was filed. Plaintiff filed nothing from the date of the summary judgment motion until September 17, 2013, when he filed his Motion to Strike Affirmative Defenses, and Motion to Stay and Motion for Summary Judgment and Supplements Thereto and Supporting Memorandum of Law [Doc. #43]. On September 24, 2013, Plaintiff filed a Motion to Extend Deadlines [Doc. #44]. In this motion, Plaintiff asserted that he should be allowed a continuance of his response to the motion because Defendants filed "serial supplements" to the motion for summary judgment, and that counsel for Plaintiff relocated from Dallas, Texas to Laredo, Texas, based on the advice of his physician due to a serious health condition. Plaintiff requested a ninety-day extension of the response deadline. In his order denying Plaintiff's request, the Magistrate Judge disagreed with Plaintiff's assertion that Defendants filed "serial supplements," since Defendants filed only one supplement with leave of

4

court [Doc. #48]. Further, the supplement was not new evidence, and had been provided to Plaintiff on January 4, 2013. The Magistrate Judge noted that the court was aware that Plaintiff's counsel suffered from a chronic medical condition, but that a "re-start" of the dispositive motion briefing schedule was unwarranted, as Plaintiff had already received multiple extensions and the motion for summary judgment had been pending since July of 2013. However, the Magistrate Judge did allow Plaintiff until October 11, 2013, to file a response to the motion for summary judgment [Doc. #48].

On October 9, 2013, Plaintiff filed an Emergency Opposed Motion for Reconsideration of this Court's Order of [Docket Entry 48] Granting in Part and Denying in Part Plaintiff's Motion to Extend Deadlines for Completion of Discovery and for Extension of Time to Respond to Motion for Summary Judgment and Interpose Objections to Summary Judgment Exhibits [Doc. #50]. On October 10, 2013, the Magistrate Judge granted Plaintiff's request in part, and allowed Plaintiff until October 18, 2013, to file his objections to summary judgment exhibits and file his response to the motion for summary judgment [Doc. #51].

Plaintiff then filed a variety of pleadings. On October 14, 2013, Plaintiff filed his First Objections to the Motion for Summary Judgment Under Local Rule CV56 and Corresponding Supplemental Motion to Strike [Doc. #52]. This motion was denied on October 16, 2013 [Doc. #55]. On October 16, 2013, Plaintiff filed his Second Supplemental Objections and Second Supplemental Motion to Strike Portion of Defendants' Motion for Summary Judgment and First objection to Summary Judgment Exhibits [Doc. #56]. Defendants filed a response on October 17, 2013 [Doc. #57].

Plaintiff's summary judgment response was due October 18, 2013, but no response was timely filed. In fact, Plaintiff did not file a response at all until October 25, 2013 [Doc. #70].

5

This response was filed untimely, and 105 days after the motion for summary judgment was filed in July of 2013. Plaintiff did attempt to file various motions to continue and reopen discovery on October 18, 2013; however, all of these motions were rendered deficient by the Clerk's office [Doc. #58, #59, #60, #62, #63].

The Magistrate Judge found that there was no reason to extend the time for Plaintiff to file a response to Defendants' motion for summary judgment. This court agrees. Plaintiff was given numerous extensions of his response deadline, and failed to do so. The Magistrate Judge noted the health and family issues of Plaintiff's counsel, and gave Plaintiff multiple opportunities to file a timely response. In addition, the court notes that there are three counsel of record listed for Plaintiff, two of whom work at a different office than Mr. Malakoff. Between three counsel and numerous extensions of the deadline to file a timely response, the court finds that no further extension was necessary and the Magistrate Judge properly refused to consider Plaintiff's untimely filed response. The Magistrate Judge's decision to deny Plaintiff's motion for leave to file an untimely response was not clearly erroneous or contrary to law. However, even if the court conducted a *de novo* review, the result is the same, and Plaintiff's objection is overruled.

The Magistrate Judge also addressed the substantive issues regarding Plaintiff's claims, and recommended that Defendants' motion for summary judgment be granted. Specifically, the Magistrate Judge found that Plaintiff's First Amendment Freedom of Association claim failed because Plaintiff failed to establish that his protected activity, membership in a union, was a substantial or motivating factor in his termination. The Magistrate Judge also found that the individual defendants, Roland and Kowlaski, were entitled to qualified immunity. In addition, the Magistrate Judge concluded that, under the facts of this case, Roland and Kowalski were not final policymakers, and Plaintiff failed to demonstrate that there was a pattern of unconstitutional

conduct on the part of municipal actors. Therefore, the Magistrate Judge recommended that the defendants' motion for summary judgment be granted, and the plaintiff's claims be dismissed. Plaintiff does not object to any of the substantive findings of the Magistrate Judge. "With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pacific Railroad Co.*, 644 F. Supp. 2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)). As for those portions of the findings of the Magistrate Judge that were un-objected to, the Court finds no plain error on the face of the record.

The court has considered Plaintiff's objections under the clearly erroneous or contrary to law standard set forth for non-dispositive matters referred to a Magistrate Judge under Rule 72(a). The court has also conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the plaintiff's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #84] is hereby adopted in its entirety.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment [Doc. #30] is **GRANTED** and this case is dismissed with prejudice.

So **ORDERED** and **SIGNED** this **22** day of **March, 2014.**

_____
Ron Clark, United States District Judge